LABORDE, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Partition of Inheritance.

No. 408.—Decided July 10, 1919.

RECORD OF TITLE—CONSOLIDATION OF PROPERTIES—DOUBLE RECORDS.—A registrar correctly refuses to record conveyances of properties when, although they appear recorded as independent properties in the names of the ancestors of the heirs who petition for the transfer under a partition of inheritance, they are the same properties which by consolidation were later recorded as a single property under a possessory title proceeding in favor of a third person, and are actually recorded in the names of different owners. The fact that paragraph one of article 392 of the Mortgage Law provides that record of possession is made without prejudice to third persons, does not authorize the registrar in the present case to record the conveyances, for this would amount to a decision by him that the record of possession of the consolidated property had no effect against the appellants, a question which must be decided by the courts.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for the appellant.

*Mr. Víctor Burset* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the notarial copy of the document which we have before us, seven of the eight heirs of María Pendás Quintero, three of them being of age and the others minors represented by their father, Alejandro Laborde Quintero,

executed a deed on January 20, 1919, before notary Manuel Torts Soto, inventorying and partitioning the estates of their mother, María Pendás Quintero, their maternal grandparents, José Pendás Bada and Claudia Quintero Limardo, and their maternal great-grandmother, María Limardo Gerardo.

This deed was presented in the Registry of Property of Humacao and the registrar refused to record the five properties referred to in the deed and recorded in the names of the ancestors of the said heirs by virtue of a possessory title proceeding, for the reason that the said properties, which form part of a property of greater area, were recorded under a possessory title proceeding instituted by the Succession of Cristóbal Vallecillo and are now recorded in the names of other persons. He also refused to record some of the properties for other reasons which we shall not set forth because in the appeal taken from that decision the Laborde Pendás brothers only pray for its reversal on the grounds that, as a question of fact, the properties recorded by the Succession of Vallecillo do not include the properties which for that reason the registrar has refused to record; and that, as a question of law, in refusing to record the said properties the registrar unduly applied article 17 of the Mortgage Law, failed to apply article 392 of the same law and disregarded the provision of section 9 of the Act of March 1, 1902, governing appeals from decisions of the registrars of property, and because the other grounds of the decision are subsidiary to the ground attacked.

The deed gives the descriptions of the properties which the registrar refuses to record because they are recorded in the names of third persons, and these descriptions agree with the descriptions which, according to the registrar's brief, appear in the records of his office, and his brief also gives the description of the property of 241.05 acres recorded by the Succession of Cristóbal Vallecillo, all of the properties being situated in Guayanés of the municipality of Yabucoa. Referring to the boundaries of the Vallecillo prop-

erty and of the other properties mentioned, if the latter were consolidated so that the property of 66 acres were bounded on the south by the property of 29.50 acres, that of 20 acres on the west by that of 66 acres and on the south by that of 80 acres and that of 69.45 acres on the west by the one last mentioned, it will be observed that the adjoining owners of the Vallecillo property are almost all of the persons whose properties adjoin the said five properties so consolidated on the four cardinal points, for the adjoining owners of the Vallecillo property are Eloy Arroyo, Toribio del Moral and Manuel Surillo on the north; Marcos Solís on the east; Joaquín Solís, Manuel Surillo and the Succession of Vallecillo on the west, and the seashore and a road on the south; and among the adjoining owners of the other properties so consolidated are Eloy Arroyo, Laureano del Moral and Manuel Surillo on the north; Marcos Solís on the east; the seashore and a road on the south, and Manuel Surillo on the west, a fact which supports the assertion of the registrar that the properties refused admission to record are a part of the property recorded by the Succession of Vallecillo, and corroborates the statement of the registrar in his brief that he found from the possessory title proceeding instituted by Vallecillo and on file in his office that some of the properties were acquired by purchase from Alejandro Laborde, the father of the appellants, while married to María Pendás, the heiress of Claudia Quintero and José Pendás.

For all of the foregoing we cannot interfere with the conclusion of fact at which the registrar arrived and, taking it as a basis, we will consider the question of law raised by the appellants.

We agree with the appellants that the Mortgage Law does not permit a duplicate record of the same real property, but we cannot agree that when a duplicate record is made, as in this case, a later title should be recorded notwithstanding, because article 17 of the Mortgage Law expressly provides that after any deed conveying the owner-

ship or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right can be recorded or entered. With the facts before him the registrar could not, by reason of this statute, record the properties as requested and for that reason we are of the opinion that said article 17 was properly applied.

The fact that the first paragraph of article 392 of the Mortgage Law provides that a record of possession is made without prejudice to third persons and that, therefore, it does not prejudice the rights of persons in whose names the properties are recorded, does not authorize the registrar to make the records requested in the present case, for this would amount to a decision by him that the record of possession of the Succession of Vallecillo had no effect as against the appellants, a question which must be decided by the courts; and in acting as he did he decided no question of preference between the two records, as the appellants maintain, but on the contrary, following the provision of section 9 of the act governing appeals from the decisions of the registrars of property, to the effect that questions of priority or preference of titles or rights recorded in the registry shall be decided by declaratory actions, he did not make the record and left the question to be decided in the corresponding action.

The question raised by the appellants being thus decided, the decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.